## A99A0052. YAWN v. THE STATE.

(515 SE2d 182)

Judge Harold R. Banke.

Kendall Eugene Yawn was convicted of two counts of aggravated assault and possession of a firearm by a convicted felon. On appeal, Yawn enumerates three errors.

The underlying case arose after Yawn's girlfriend summoned help for domestic violence. When Chief Deputy Ron Bivens responded to the call at about 10:30 p.m., he parked his police cruiser under a security light. Stephen Rogers, a friend of Yawn's, intercepted Bivens and warned him to move his car from under the light because Yawn was armed with a rifle and "Kendall is going to kill ya'll." Rogers told him that the rifle was a 30-30 or 30.06.

The adjacent surrounding area was rural, heavily wooded, extremely secluded, and sparsely populated. The only two residences in the area were a trailer belonging to Yawn's grandmother and a house belonging to her next door neighbor. After heeding Rogers' advice to move his police cruiser, Bivens discovered Yawn's girlfriend hiding in a closet in the neighbor's house. She had fled next door to seek help. Yawn's girlfriend was bleeding from injuries to her face and nose but steadfastly refused to leave the premises because she was afraid. As Bivens started to leave, he noticed a white Ford pickup truck with a smashed window. Yawn's grandmother told Bivens that Yawn had "busted out a window and got a rifle," from that truck.

After the next door neighbor contacted authorities because Yawn's girlfriend still refused to leave his home, Bivens returned about 20 minutes later accompanied by another officer. As the officers placed Yawn's girlfriend into the patrol car, they were fired upon as they pulled away. Both shots came from the wooded area behind Yawn's grandmother's trailer where Bivens had seen a man with a blue shirt proceed. The officers testified that they could actually hear a whooshing sound made by the first bullet as it passed them. According to Bivens, he recognized the distinct sound as coming from a high powered rifle, not a shotgun or pistol. *Held*:

On appeal, Yawn contests the denial of his motion for directed verdict and claims that the verdict was contrary to and against the weight of the evidence. Although Yawn asserted two general grounds, only the latter ground presents anything for appellate review and is the same as challenging the sufficiency of the evidence. *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988). The standard for reviewing the denial of a directed verdict is the same as reviewing the sufficiency of the evidence: whether, after considering the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Oliver v. State*, 232 Ga. App. 816, 817 (1) (503 SE2d

28) (1998). A motion for directed verdict of acquittal is authorized only where there is no evidence to support a conviction. *Stewart v. State*, 210 Ga. App. 474, 477 (9) (436 SE2d 679) (1993).

The act of intentionally firing a gun at another person, in the absence of justification, is sufficient to support a conviction for aggravated assault under OCGA § 16-5-21 (a) (2). *Lewis v. State*, 215 Ga. App. 161, 163 (3) (450 SE2d 448) (1994). Here, the State presented evidence of Yawn's guilt, which though not overwhelming, was certainly sufficient. *Moody v. State*, 206 Ga. App. 387, 391 (5) (425 SE2d 397) (1992). Bivens observed the broken truck window and saw Yawn disappearing into the woods behind his grandmother's home. One of Yawn's friends warned Bivens that Yawn would probably shoot at him. That friend testified that he had seen Yawn break the glass and take the gun from the truck. The officers testified that they were able to identify the general type of weapon and the direction of travel of the first bullet. The area was desolate and remote. No evidence showed the presence of any other person in the area at that time of night which was approaching midnight. This evidence was sufficient within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) for the jury to find all the essential elements of aggravated assault. See *Dobbs v. State*, 204 Ga. App. 83, 84 (2) (418 SE2d 443) (1992).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MARCH 23, 1999.

*Straughan & Straughan, William T. Straughan*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.