## A00A0076. SANDERS v. THE STATE.
### (534 SE2d 78)

JOHNSON, Chief Judge.

A jury found Roger Lee Sanders guilty of selling cocaine. On appeal, he contests the denial of his motion for directed verdict of acquittal and claims that the verdict is contrary to the law and the evidence and that the verdict is against the weight of the evidence. He claims that the state failed to show chain of custody as to the cocaine and as to a videotape of the transaction and that the state failed to prove he was the seller of the drugs. We find that the state produced sufficient evidence regarding the chain of custody of the cocaine, that no chain of custody was required as to the videotape, and that a rational trier of fact could find from the evidence that Sanders was guilty beyond a reasonable doubt of selling cocaine. Therefore, we affirm his conviction.

On appeal, we apply the same standard in reviewing the denial of a motion for directed verdict of acquittal as we do in reviewing the sufficiency of the evidence: that is, whether, after considering the evidence in a light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Yawn v. State,* 237 Ga. App. 206 (515 SE2d 182) (1999).

Viewed in a light most favorable to the verdict, the evidence shows that drug enforcement agents enlisted the help of two confidential informants in making a controlled drug buy. On February 25, 1998, at about 3:45 p.m., the agents searched both informants and the male informant's car for money and contraband and found none. The agents set up audio surveillance and video equipment in the informant's car. They gave the female informant $20, which she was to use to buy crack cocaine.

The informants drove into the targeted area, and, at approximately 4:15 p.m., the informants saw Sanders. The female informant had known Sanders for about five months. Her male companion had known Sanders "for years." After the trio chatted briefly, the female informant asked Sanders if he had "anything." Sanders replied that he had one piece of crack cocaine. He handed a piece of crack cocaine to the female informant, who in turn gave him $20. The agents monitored the conversation via audio surveillance equipment.

The informants returned to the agents' location, where the female informant gave the female agent the cocaine. The agents searched the couple and the informant's car and found nothing. The

female agent placed the cocaine in a plastic bag and sealed it with evidence tape. She wrote the date, a case number, and her initials on the evidence tape, then placed the evidence bag in the trunk of her police car. She removed the bag from the trunk of her car and put it in a vault at the station on March 2, 1998. The bag remained in the vault until March 25, when the agent transported it to the state crime lab for analysis. She placed the evidence bag in a locked cabinet at the crime lab.

On March 27, 1998, a forensic chemist at the crime lab retrieved the bag from the locked cabinet. She tested the substance and concluded that it was cocaine. The evidence bag remained in the possession of the crime lab until it was brought to trial.

The videotape which recorded the transaction was removed from the informant's car on the day of the sale by one of the agents involved in the transaction. The agent labeled the tape with her initials, the date, time, case number, and evidence sheet number and kept it in her custody and then in a vault. The agent testified that the video equipment was working properly on the day of the sale, that she viewed the tape, that it depicts the transaction that occurred that day, and that the tape had not been altered. Before the tape was shown to the jury, the female informant testified that she viewed the tape, that it fairly and accurately represents the transaction, and that it did not appear to have been altered in any way. The other informant also testified that he viewed the videotape and that it accurately depicts what happened on the day of the sale.

1. Sanders claims that the state failed to show a proper chain of custody because: the cocaine was left in the agent's car trunk for several days after the sale; a month passed between the time the cocaine was sold and the date it was delivered to the state crime lab; the informants were drug users and may have given the agent cocaine they had hidden in the car before the sale; and the videotape may have been tampered with. These arguments present no grounds for reversal.

In order to show a chain of custody adequate to preserve the identity of fungible evidence, the state must prove with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. *Slade v. State*, 222 Ga. App. 407, 408 (1) (474 SE2d 204) (1996). The state is not required to foreclose every possibility of tampering; it need only show reasonable assurance of the identity of the evidence. Id.

(a) *The cocaine*. The state traced the travels of the cocaine from Sanders' hands to the state crime lab. At every point, the cocaine was clearly marked and well secured. Although we do not encourage officers to routinely leave evidence in a police car for days after the crime, there is no evidence in this case that the substance admitted

at trial was tampered with in any way. The state has given reasonable assurance of the identity of the evidence. See *Redding v. State*, 239 Ga. App. 718, 722 (5) (521 SE2d 840) (1999).

(b) *The videotape.* Nor was there error in admitting the videotape. Distinct physical objects that can be identified and differentiated by the senses of observation, such as videotapes, are not subject to the chain of custody requirement. *Gadson v. State*, 263 Ga. 626, 627 (2) (437 SE2d 313) (1993); *Johnson v. State*, 231 Ga. App. 823, 826 (4) (499 SE2d 145) (1998). The testimony of the informants and the agent was sufficient to identify the tape. Sanders' chain of custody argument is therefore without merit.

2. Sanders' contention that the state failed to prove that he was the person who sold the informant the cocaine also lacks merit. A police officer testified that he watched the videotape and that he recognized Sanders, whom he had known for years, as the seller shown on the tape. Both informants testified that they had known Sanders months or years before the sale and identified him at trial as the seller. A rational trier of fact could have found beyond a reasonable doubt that Sanders was guilty of selling cocaine. See *Ellison v. State*, 233 Ga. App. 637, 638 (1) (504 SE2d 779) (1998).

3. Based on the foregoing, the trial court did not err in denying Sanders' motion for directed verdict of acquittal on any of the grounds enumerated.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 28, 2000.

*Straughan & Straughan, William T. Straughan,* for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney,* for appellee.