## A01A2110. McDADE v. THE STATE.
(555 SE2d 43)

MIKELL, Judge.

Steven McDade appeals his conviction of possession of cocaine, contending that the trial court erred in denying his motion for a directed verdict. We disagree and affirm.

On appeal, we apply the same standard in reviewing the denial of a motion for directed verdict of acquittal as we do in reviewing the sufficiency of the evidence: that is, whether, after considering the evidence in the light most favorable to the verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

So viewed, the evidence shows that on December 2, 1999, Jeremy Grindle, a member of the Hall County Multi-Agency Narcotics Squad, was working undercover on a "sweep" case, investigating narcotics sales around the Atlanta Street Apartments. While cruising in his vehicle at 11:10 a.m., Agent Grindle was approached by McDade, who asked the officer what he was looking for. When Agent Grindle replied that he wanted marijuana, McDade said it would be much easier to find cocaine. McDade got into Agent Grindle's vehicle and told him where to drive to find a seller. McDade saw the seller on the street and yelled to him that Grindle and McDade "were looking for a 40," which Agent Grindle testified meant $40 worth of crack cocaine. The seller located a juvenile and instructed him to give Grindle and McDade each a $20 piece of crack.

Each man paid $20 to the seller. Agent Grindle testified that McDade took the substance and put it in his mouth to ensure it "wasn't fake." Agent Grindle then dropped McDade off at a carpet business. In order to preserve the integrity of the undercover operation, McDade was not arrested at that time, nor was the substance he purchased seized, Agent Grindle testified. Grindle secured the substance he bought, and testing revealed it to be cocaine.

In two related enumerations of error, McDade contends that the trial court erred in denying his motion for a directed verdict because the state failed to prove beyond a reasonable doubt that the substance he purchased was cocaine. McDade points out that the substance was neither seized nor tested, and no testimony was offered to show that the piece McDade purchased appeared consistent with cocaine or with the piece sold to Agent Grindle. Moreover, McDade argues, the piece he purchased was an individual rock, unlike the substance that was found in the defendant's possession in *Lawrence v. State*.[2] In *Lawrence*, the defendant admitted that he had broken off

---

[1] *Sanders v. State*, 243 Ga. App. 216 (534 SE2d 78) (2000).
[2] 227 Ga. App. 70, 71 (1) (487 SE2d 608) (1997).

the piece found on his person from a larger piece that he delivered to MANS undercover officers. Expert testimony established that the larger piece was cocaine. Thus, we held that the evidence was sufficient for the jury to find beyond a reasonable doubt that both pieces were cocaine, and we upheld the defendant's conviction of selling and possessing cocaine. In the instant case, McDade argues that since no testimony connected the two pieces, the evidence is insufficient to sustain his conviction. We disagree.

The evidence, although circumstantial, was sufficient for the jury to conclude that the substance possessed by McDade was indeed cocaine. We note that McDade conducted his own field testing of the contraband by placing it in his mouth to ensure that it "wasn't fake." Afterward, McDade made no attempt to rescind the transaction and kept the rock, for which he had paid $20. Moreover, the piece which tested positive for cocaine was sold to Agent Grindle at the same time. The jury was entitled to infer from these facts that the rock sold to McDade was cocaine. To obtain a conviction based on circumstantial evidence, the state need not exclude every hypothesis; it need exclude only every *reasonable* hypothesis except the guilt of the accused. OCGA § 24-4-6.

> Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused[,] is primarily a question for determination by the jury. . . . It is only where the evidence or a lack of evidence, tested by all human experience, establishes a reasonable hypothesis of innocence, that this Court may declare it so as a matter of law.

(Citation and punctuation omitted.) *Ellison v. State*, 233 Ga. App. 637, 639 (2) (504 SE2d 779) (1998).

In addition, the evidence was sufficient for the jury to find beyond a reasonable doubt that McDade was in joint constructive possession of the cocaine purchased by Grindle. Proving joint constructive possession requires only a showing that the defendant had the power and intent to exercise control over the contraband.[3] McDade argues that the evidence fails to demonstrate that he had the intent or power to exercise control over the cocaine sold to Grindle. We disagree. Agent Grindle testified, without contradiction, that McDade located the drug seller and asked to purchase $40 worth of crack cocaine. This testimony provides ample evidence from which the jury could find, under the standard set forth in *Jackson v. Vir-*

---

[3] *Cooper v. State*, 237 Ga. App. 837, 838 (2) (517 SE2d 85) (1999); see generally *Shropshire v. State*, 201 Ga. App. 421, 422 (411 SE2d 339) (1991).

*ginia*,[4] that McDade intended to exercise control over the cocaine that was ultimately handed to Grindle. Therefore, the trial court properly denied McDade's motion for a directed verdict.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 2, 2001.

*Fox, Chandler, Homans, Hicks & McKinnon, Joseph A. Homans,* for appellant.

*Lydia J. Sartain, District Attorney, Lindsay H. Messick, Assistant District Attorney,* for appellee.

---

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).