## A01A2330. BROOKS v. THE STATE.
### (556 SE2d 484)

JOHNSON, Presiding Judge.

A jury found Gregory Bernard Brooks guilty of selling cocaine. He appeals, alleging the trial court erred in admitting two exhibits into evidence and alleging the evidence was insufficient to support his conviction. Because Brooks' enumerations of error lack merit, we affirm his conviction.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Brooks sold cocaine to an undercover agent. After the agent received the cocaine from Brooks, she performed a field test on the substance, placed it in a small plastic bag, and marked the plastic bag with her initials, badge number, time, date, and street. She then placed the smaller plastic bag in an evidence bag and marked the evidence bag with her initials, badge number, date, time, case number, defendant number, and description. The undercover agent denied that anyone had tampered with the cocaine Brooks sold to her while it was in her possession. The evidence bag was then given to another agent.

The second agent placed the evidence bag, which she also initialed, in the locked trunk of her car. She testified that no one tampered with the evidence while it was in her possession. She then delivered the evidence to the state crime lab. The state crime lab witness testified that she received the cocaine in a sealed bag and that the substance presented to her for identification at trial was the same cocaine she tested because the bag contained her crime lab number and initials. The state crime lab witness further testified that any prior field testing would not have affected the substance she was given to test and would have had no import in her analysis.

The state also introduced into evidence a videotape from a camera hidden inside the undercover vehicle. The undercover agent testified that the videotape fairly and accurately depicted the events surrounding the sale of cocaine.

1. In a one-paragraph argument, Brooks contends the cocaine should not have been admitted into evidence because the undercover

agent tampered with the evidence when she conducted the field test and because it was left in the second agent's car trunk for four days. As to Brooks' argument regarding tampering, the state crime lab witness testified that the field agent's test did not in any way affect the substance she tested. There is no evidence of tampering in this regard.

In addition, the state traced the travels of the cocaine from Brooks' hands to the state crime lab. At every point, the cocaine was clearly marked and well secured. Although it may have been left in the second agent's locked trunk, there is no evidence that the substance admitted at trial underwent any chemical change or was tampered with in any way.[1] The state has given reasonable assurance of the identity of the evidence, and the trial court did not err in admitting the cocaine.[2]

2. In another one-paragraph argument, Brooks contends the videotape should not have been admitted into evidence because the state failed to lay a proper foundation for its admission. However, the undercover agent testified that she had previously viewed the videotape and that it accurately depicted the scene as it occurred during the sale of cocaine by Brooks. She then identified the videotape at trial and again testified that it fairly and accurately represented the transaction between herself and Brooks. The trial court did not abuse its discretion in admitting the videotape over Brooks' objection.[3]

3. In his final argument, Brooks contends the trial court erred in failing to grant his motion for directed verdict of acquittal and in failing to grant his motion for new trial based on insufficient evidence. On appeal, we apply the same standard in reviewing the denial of a motion for directed verdict of acquittal as we do in reviewing the sufficiency of the evidence, that is, whether, after considering the evidence in a light most favorable to support the jury's verdict, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4] Here, there clearly was sufficient evidence to support the jury's finding that Brooks was guilty beyond a reasonable doubt of selling cocaine.[5] The undercover officer identified Brooks, the videotape depicted Brooks selling the cocaine to the undercover officer, and the state crime lab technician testified that the substance sold by Brooks tested positive for cocaine. The trial court did not err in denying Brooks' motion for directed verdict of

---

[1] See *Sanders v. State*, 243 Ga. App. 216, 217-218 (1) (a) (534 SE2d 78) (2000).

[2] Id.

[3] See *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294) (1995); *Harper v. State*, 213 Ga. App. 444, 447 (4) (445 SE2d 303) (1994).

[4] See *Yawn v. State*, 237 Ga. App. 206 (515 SE2d 182) (1999).

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sanders*, supra at 218 (2), (3).

acquittal or motion for new trial on any of the grounds enumerated. *Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 9, 2001.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.