## A02A2414. PHANAMIXAY v. THE STATE.
### (581 SE2d 286)

SMITH, Chief Judge.

Along with co-defendant Toni Phommachanh, Somphone Thock Phanamixay was indicted on two counts of armed robbery, two counts of theft by taking, three counts of aggravated assault, three counts of simple battery, three counts of kidnapping, and two counts of possessing a firearm during the commission of a crime. Phommachanh was also indicted on one count of possession of a firearm by a convicted felon or first offender. The trial court directed a verdict in favor of Phommachanh, and Phanamixay was convicted by a jury on all 15 charges against him. Following the denial of his motion for new trial, as amended, he appeals. Phanamixay challenges the sufficiency of the evidence, the admission of his statements, and the sentence of the court. Although we conclude that the evidence was sufficient to convict Phanamixay and that the trial court did not err in admitting his statements, we also conclude that the trial court erroneously failed to merge certain convictions for sentencing purposes. We therefore affirm the judgment of conviction but remand this case for resentencing consistent with this opinion.

1. We find no merit in Phanamixay's argument that the evidence was insufficient to convict him. Construed in favor of the jury's verdict, the evidence presented showed that Phanamixay and another man entered a video store. The unidentified man came into the store, ran toward the owner and a friend, who were watching television near the back of the store, and pointed a gun at them. He ordered them to lie down. Phanamixay then entered the store, ran toward the owner's wife, who was lying down behind the counter, and held a knife to her neck. He forced her to walk to the back of the store and to lie down with the other two victims. Phanamixay and the unidentified suspect taped the three victims' eyes, mouths, legs, hands, and arms and dragged them into the back room. They then stole the owner's pager, cell phone, cash from his wallet, and cash from the cash register. They also took his wife's necklace and money from her wallet. Following an investigation, Phanamixay was arrested, and he admitted his involvement in the crimes to Detective Robert Cotrell and Federal Bureau of Investigation Agent Stephen Paganucci.

Phanamixay argues that the only evidence linking him to the crimes was the "unreliable testimony" of the victim's wife, who identified him as one of the men who committed the crimes. He points out that she initially told the police she did not know the identity of the suspects and also argues that she had a "vested interest in the matter."

It is axiomatic that on appeal from a criminal conviction, the courts of this state view the evidence in the light most favorable to the verdict, and a defendant no longer enjoys the presumption of innocence. *Phagan v. State*, 243 Ga. App. 568, 569 (2) (533 SE2d 757) (2000). We do not weigh the evidence or determine witness credibility; rather, we determine only whether the evidence is sufficient to enable a rational trier of fact to convict the defendant under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Phagan*, supra at 569 (2). Conflicts in the testimony of witnesses are a matter of credibility for jury resolution, and "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact." (Punctuation and footnote omitted.) Id. at 569-570.

The store owner's wife admitted at trial that when she first talked to the police following the incident, she could not identify the man who held a knife to her neck. But she later recalled his voice, because she had talked with him approximately two weeks before the robbery about a defective videotape he had rented. During that conversation, she stood 18 to 24 inches from him. In addition, Detective Cotrell testified that the wife could not initially identify who robbed her but that she later identified Phanamixay from a photographic lineup. Any contradictions in her testimony and any "interest" she may have had in the outcome were solely matters of credibility for jury resolution. *Phagan*, supra.

Even more incredible is Phanamixay's argument that the testimony of the owner's wife was the only evidence linking him to the crime. He flagrantly disregards the testimony of Detective Cotrell and Agent Paganucci concerning his confessions to the crimes. After being read his *Miranda* rights, Phanamixay, known as "Thock," told Detective Cotrell that he, Phommachanh, and "Ty" borrowed a friend's car and performed surveillance on the store. Phanamixay "had a knife, went inside, took control of [the store owner's wife] by placing the knife against her. Ty was armed with a pistol that was provided by Thock and his job was to go straight back and to take control of the men, which he did." After they "had control" of the three victims, they moved them into another room and bound them with duct tape, taped their eyes, and signaled for Phommachanh to

come inside. They then stole valuables from the victims and the store. He made essentially the same statement to Agent Paganucci.

"Although an uncorroborated confession cannot support a conviction under OCGA § 24-3-53, corroboration of a confession in any particular satisfies the requirements of the statute." (Citation and punctuation omitted.) *Miller v. State*, 268 Ga. 1, 2 (485 SE2d 752) (1997). Phanamixay's confessions were corroborated by the testimony of the store owner's wife, who identified Phanamixay to Detective Cotrell as her assailant and who testified that she was forced to the back of the store and secured with duct tape. The evidence more than amply authorized the jury to convict Phanamixay under the standard of *Jackson v. Virginia*, supra.

2. Phanamixay argues that his statements were erroneously admitted because his *Miranda* rights were not read to him before he made the statements and because the statements were induced by hope of benefit.

Evidence presented during the *Jackson-Denno* hearing and at trial showed that Detective Cotrell went to Phanamixay's home, asked to talk with him at the police station, and gave him the choice of riding with him to the station or having someone else take him there. Phanamixay, 25 years old at the time, chose to ride with Cotrell. They drove to the police station, and as soon as they arrived, Cotrell placed Phanamixay under arrest. Cotrell read Phanamixay his *Miranda* rights, after which Phanamixay gave a statement to Cotrell. Agent Paganucci similarly read Phanamixay his *Miranda* rights before Phanamixay gave his second statement. He executed a waiver of rights form before giving each statement, and each interview lasted approximately one hour. Evidence was presented that he was neither threatened into making his statements nor promised any hope of benefit in exchange for them. He did not ask for an attorney during either interview.

> In deciding the admissibility of a statement during a *Jackson-Denno* hearing, the trial court must consider the totality of the circumstances and must determine the admissibility of the statement under the preponderance of the evidence standard. Unless the factual and credibility findings of the trial court are clearly erroneous, the trial court's decision on admissibility will be upheld on appeal.

(Citations and punctuation omitted.) *Fleming v. State*, 241 Ga. App. 61, 63-64 (1) (526 SE2d 91) (1999). Although Phanamixay disputed many of the facts testified to by Cotrell and Paganucci as to whether he was given his *Miranda* warnings and whether he made the statements without bribery or coercion, the trial judge was the arbiter of

witness credibility, and ample testimony supported the court's conclusion that the statements were voluntarily given. The trial court's decision on this issue was not clearly erroneous and must be upheld on appeal. Id.

3. Phanamixay argues that the trial court erroneously failed to merge certain counts when sentencing him. As best we can understand his very confused arguments, he contends that the two theft by taking convictions should have merged with the armed robbery convictions. Because we conclude that the theft by taking convictions were lesser included offenses of the two armed robbery convictions, we are constrained to agree.

Phanamixay was charged with two counts of armed robbery in that he stole cash and a wallet from the owner, and a necklace from the owner's wife, both by use of an offensive weapon. Two other counts of the indictment charged him with theft by taking, in that he stole a pager and cellular telephone from the owner and the purse of the owner's wife. The evidence showed that all of these items were stolen after the defendants pointed either a gun or knife at the victims, dragged them to the back of the store, and bound them with duct tape.

Under OCGA § 16-1-7 (a) (1), an accused cannot be convicted of more than one crime if "[o]ne crime is included in the other." A crime is included in another if "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged." OCGA § 16-1-6 (1). The same evidence used to prove the armed robbery charges was used to prove the theft by taking charges. The property was taken from the victims' possession in the same incident and constituted a single crime. See *Johnson v. State*, 246 Ga. App. 109, 112 (4) (539 SE2d 605) (2000). Consequently, we must conclude that the theft by taking convictions were included in the armed robbery convictions as a matter of fact and should have merged into those convictions for sentencing purposes. See *Painter v. State*, 237 Ga. 30, 34 (226 SE2d 578) (1976); *Herndon v. State*, 232 Ga. App. 129, 130, n. 1 (499 SE2d 918) (1998). We therefore must remand this case for resentencing with respect to these counts.

Although we agree with Phanamixay that the theft by taking convictions should have merged with the armed robbery convictions, we note that the two armed robbery convictions did not merge with one another. Unlike the armed robbery against a single victim in *Johnson*, supra, the two armed robbery convictions in this case involved different victims and different weapons. Evidence was introduced authorizing convictions on each of these counts, and they did not merge with each other as a matter of fact. See *Gilchrist v. State*, 270 Ga. 287, 288 (2) (508 SE2d 409) (1998) (two charges of possession

of knife during commission of crime did not merge because two separate victims involved); *Biddy v. State*, 253 Ga. 289, 292 (2) (319 SE2d 842) (1984) (malice-murder and aggravated-assault convictions did not merge because offense committed on different victims); *Pace v. State*, 239 Ga. App. 506, 509 (6) (521 SE2d 444) (1999) (multiple assault convictions not merged because offenses committed on different victims).

Finally, we address Phanamixay's contention that the aggravated assault convictions should have merged into the kidnapping convictions. "Kidnapping is not a continuing offense, and the crime is consummated when the victim is seized." (Citation and punctuation omitted.) *Vining v. State*, 195 Ga. App. 816, 817 (1) (395 SE2d 17) (1990). The crime of kidnapping was complete after the victims were dragged from one room to another. And under OCGA § 16-5-21 (a) (2), "aggravated assault is complete when a simple assault is committed with a deadly weapon which, when used offensively against a person, is likely to result in serious bodily injury." (Citation, punctuation and footnote omitted.) *Maynor v. State*, 257 Ga. App. 151, 153 (570 SE2d 428) (2002). The aggravated assaults occurred when deadly weapons were pointed at the victims. The evidence required to convict Phanamixay on the aggravated assault charges differed from that required to prove the kidnapping charges. Consequently, Phanamixay's argument that those two crimes merged must fail.

*Judgment affirmed. Case remanded for resentencing. Eldridge and Ellington, JJ., concur.*

DECIDED MARCH 11, 2003.

*Darrell B. Reynolds, Sr.*, for appellant.

*Robert E. Keller, District Attorney, Jane E. Grabowski, Assistant District Attorney*, for appellee.