## A03A1365. HILL v. THE STATE.
(584 SE2d 664)

ELDRIDGE, Judge.

A Jeff Davis County jury found Vallorinzo Hill guilty of sale of cocaine, which charge arose when Hill sold a confidential informant ("CI") $60 worth of crack cocaine on Plum Street in Hazelhurst. He appeals, claiming that the trial court erred in admitting into evidence a videotape of the sale; that the court erred in admitting into evidence Hill's statement to the police; that the evidence was insufficient to support the verdict; and that the trial court erred in failing to

---

charge the jury on the defense of entrapment. We have reviewed these contentions and find them meritless. Accordingly, we affirm Hill's conviction.

1. There was no error in the admission of the videotape of the drug sale. The CI testified at trial as an authenticating witness and stated that the tape fairly and accurately depicted the sale as it occurred on the incident date.[1] In light of testimony that the video portion of the tape was "perfect," the fact that the audio portion was not working would not affect the tape's admissibility.[2]

2. We likewise find no error in the admission of Hill's confession to the instant offense. The interviewing agent testified that Hill's statement was freely and voluntarily made without promises or threats and after full advisement of *Miranda*[3] rights; that Hill was not under the influence of alcohol or drugs and appeared to understand what he was doing; that, after Hill had already given his statement, the agent asked him to become a CI; and that such request was the agent's normal procedure, "because in narcotics investigations you have to seek information where you can." While Hill testified that, before he gave his statement, the agent "promised" to drop the charges in exchange for Hill's working as a CI, such testimony merely presented a factual conflict for the trier of fact to resolve. In that regard,

> [u]nless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson[-]Denno* hearing will be upheld on appeal. [Cit.][4]

In this case, the evidence supports the trial court's conclusion that Hill's statement was freely and voluntarily made and, thus, admissible under the criteria of *Jackson v. Denno*.[5] As such, the admission of Hill's statement was not clearly erroneous.

3. Next, Hill challenges the sufficiency of the evidence supporting his conviction. Such challenge, however, is premised solely upon Hill's claim that both his statement and the videotape were inadmissible. Consequently, our decision in Divisions 1 and 2, supra, resolves this enumeration of error adversely to Hill.

---

[1] *Harper v. State*, 213 Ga. App. 444, 447 (4) (445 SE2d 303) (1994); accord *Brooks v. State*, 252 Ga. App. 389, 390 (2) (556 SE2d 484) (2001); *Moreno v. State*, 251 Ga. App. 352, 354 (2) (553 SE2d 387) (2001).

[2] *Harmon v. State*, 224 Ga. App. 890, 894 (4) (482 SE2d 730) (1997).

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[4] *Grier v. State*, 273 Ga. 363, 365 (2) (541 SE2d 369) (2001).

[5] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

4. Lastly, we find no error in the trial court's refusal to charge the jury on the affirmative defense of entrapment. The elements comprising entrapment are: "(1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime."[6] In this case, there was absolutely no evidence in support of these elements. The evidence shows that Hill, along with other drug dealers, approached the CI in order to sell her cocaine, not vice versa, and, thus, the idea for the commission of the crime did not originate with the State. Further, there was no evidence of *any* persuasion or coercion on the part of the CI, let alone "undue" amounts thereof. And, finally, there is no evidence that Hill was not predisposed to commit the offense; even he admitted that he handed the drugs to the CI without coercion on anyone's part, although he testified that he did not "exactly" know what he was handing to the informant.

> If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper.[7]

We decline to accept Hill's argument that "sending out the confidential informants blindly to neighborhoods is entrapment" in and of itself. The implication in such argument is that warning should be given, which would, of course, be contrary to the purpose for using a CI in the first place. We will not find the existence of State "entrapment" simply through the placement of a CI in a position where those disposed to sell drugs are given an opportunity to exercise their predilection.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 27, 2003.

*Franklin D. McCrea*, for appellant.
*Stephen D. Kelley, District Attorney, Jan Kennedy, Assistant District Attorney*, for appellee.

---

[6] (Citation and punctuation omitted.) *Mitchell v. State*, 249 Ga. App. 520, 522 (2) (548 SE2d 469) (2001).
[7] (Citations and punctuation omitted.) *Diaz v. State*, 239 Ga. App. 795, 796 (2) (522 SE2d 242) (1999).