## A03A1121. MACK v. THE STATE.
(587 SE2d 132)

ADAMS, Judge.

David Jermaine Mack was found guilty by a jury of four counts of aggravated assault, four counts of aggravated assault with intent to rob, and one count of possession of a firearm during the commission of a felony.[1] Mack appeals from the denial of his motions and amended motions for new trial.

1. Mack challenges the sufficiency of the evidence. Construed to support the verdict, the evidence at trial showed the following:

On June 11, 1999, Mack, who had previously been an employee of a Maxway retail store, visited the store and spoke with Uklisha Scott, an assistant manager of the store whom Mack had known when he worked at the store. Mack, who was dressed in a white sleeveless tee shirt and black pants, asked Scott what time the store closed that night. After the store closed, Scott and three other Maxway employees, Dewitt Darling, Joan Wells, and Julia Styles, were walking to their cars when they were approached by a man who put a gun to Scott's head and demanded money, first from Scott, and

---

[3] See *Rooks v. State,* 245 Ga. App. 655, 656-657 (3) (538 SE2d 555) (2000); *Miller,* supra; *Thornton v. State,* 180 Ga. App. 274, 275 (349 SE2d 23) (1986).

[1] The aggravated assault and aggravated assault with attempt to rob counts were merged for sentencing.

then the other victims. The assailant was dressed in black sweat pants, a white sleeveless tee shirt and sneakers, and had a shirt with eye holes cut out covering his face. The victims did not have any money, and the assailant fled the scene on foot. The victims called 911, and Mack was apprehended within a few minutes close to the scene of the crime and in the vicinity where the victims had seen the assailant flee. At the time he was apprehended, Mack was wearing black pants but was shirtless. A white sleeveless tee shirt was found turned wrong side out in some nearby bushes. The weapon and mask used in the robbery were not recovered. Footprints observed along the path between the crime scene and the area where Mack was apprehended matched the size and soles of Mack's shoes. Mack was returned to the scene and identified as the robber based on his clothing, shoes, and "build."

Having reviewed this and the other evidence introduced at trial, we find the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Mack also contends that he should have been granted a new trial based on newly discovered evidence.

As set forth in *Timberlake (v. State*, 246 Ga. 488 (1) (271 SE2d 792) (1980)), on [a] motion for a new trial based on newly discovered evidence, it is incumbent that the movant satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. Failure to show one requirement is sufficient to deny a motion for new trial.

(Citation omitted.) *Carter v. State*, 273 Ga. 428, 429 (2) (541 SE2d 366) (2001).

At the motion for new trial hearing, Mack's sister and girlfriend testified that they made an audiotape of a conversation with an individual named Greg Green who told them that someone else, not Mack, attempted to rob the victims at gunpoint. Green also testified at the hearing and denied any knowledge of the robbery or that he had made any statements to anyone concerning the robbery. An attempt was made to play the audiotape, but the portion of the tape allegedly containing Green's statements could not be found at that time. However, it appears from the trial court's order and the parties'

briefs on appeal that the tape was subsequently played. The trial court's order denying the motion for new trial recites that Green states on the tape that another individual actually held the victims at gunpoint while Green and Mack merely acted as lookouts. As the trial court further found, this evidence was consistent with Mack's pre-trial statement, which was introduced at trial, in which Mack admits to acting as the lookout during the robbery attempt. Since both Mack's statement and the "newly discovered" evidence would authorize Mack's conviction as a party to the crimes charged, the trial court concluded that Mack failed to show that the newly discovered evidence was so material that it would probably produce a different verdict, and denied the motion for new trial. We agree that Mack was not entitled to a new trial on the basis of this evidence. This enumeration is thus without merit.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JULY 24, 2003 —
RECONSIDERATION DENIED SEPTEMBER 12, 2003.

*Thomas J. Gustinella*, for appellant.
*Spencer Lawton, Jr., District Attorney, Kimberly Rowden, Assistant District Attorney*, for appellee.