A04A2394. CARTER v. THE STATE.
(610 SE2d 181)

RUFFIN, Chief Judge.

A jury found Sedrick Carter guilty of attempted armed robbery, aggravated battery, aggravated assault, and three counts of possession of a firearm during the commission of a crime. On appeal, Carter challenges the sufficiency of the evidence. He also alleges that the trial court erred in permitting a witness to remain in the courtroom and in admitting certain evidence. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, Carter no longer enjoys a presumption of innocence, and we view the evidence in a light most favorable to support the jury's verdict.[1] We neither weigh the evidence nor resolve conflicts in the testimony, but merely ascertain whether a rational trier of fact could have found Carter guilty of the crimes charged beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows that on October 14, 2001, Glenda Duncan was the sole clerk at the Swifty Mart. A masked man wearing dark pants and a blue shirt entered the store and demanded that Duncan give him all of the money. As Duncan turned

---

[1] See *Skaggs-Ferrell v. State*, 266 Ga. App. 248 (1) (596 SE2d 743) (2004).
[2] See *Smith v. State*, 269 Ga. App. 17 (1) (602 SE2d 921) (2004).

away, the man shot her in the face.[3] The incident was captured on the store's surveillance camera, which showed that after he fired the gun, Duncan's assailant reached over the counter toward the cash register. The police were called to the scene and lifted a Reebok shoe print from the ground outside the store.

At the time of the shooting, Avon Morris was in front of the Swifty Mart and heard what he believed to be a gunshot. He then saw a man wearing dark pants and a blue shirt flee the store and jump on a black "deuce" bicycle.

The same day, John Gilbert and his wife were at a laundromat across the street from the Swifty Mart. Gilbert saw Carter, whom he knew, sitting on a black deuce bicycle. Gilbert spoke with Carter for approximately 20 minutes. According to Gilbert, Carter was wearing dark jeans, a blue shirt, and Reebok tennis shoes. Keith Thomas, another acquaintance of Carter's, also saw Carter across the street from the Swifty Mart on the day of the shooting.

Investigator Tim Watkins of the Thomas County Sheriff's Department and GBI Agent Sean Edgar questioned Carter in connection with the shooting, and he admitted that he shot Duncan, but claimed it was accidental. Watkins showed Carter a Smith and Wesson .357 revolver that police found at a pawn shop to see if it was the gun he used. Carter said that he could not be sure if it was the exact gun, but that it looked like the one he had used.

At trial, GBI Agent Chris Dorsey also testified regarding the type of gun used. From the surveillance video, Dorsey was able to identify the gun as a Smith and Wesson .357 revolver. According to Dorsey, the trigger would have to be deliberately pulled before the gun would fire. Based upon this and other evidence, the jury found Carter guilty of attempted armed robbery, aggravated battery, aggravated assault, and three counts of possession of a firearm during the commission of a crime.

On appeal, Carter broadly asserts that the evidence was insufficient to sustain his convictions. However, he provides no specific argument as to how the evidence failed to establish the various offenses for which he was convicted. And conclusory statements generally do not constitute the type of meaningful argument contemplated by this Court's rules.[4] Thus, Carter has arguably waived any claim of error.[5] Assuming the argument has not been waived, we find

---

[3] Although Duncan survived the ordeal, she spent three months in the hospital while doctors attempted to surgically reconstruct her face and jaw, and she faces additional surgeries.

[4] See *Atkinson v. State*, 243 Ga. App. 570, 575 (2) (531 SE2d 743) (2000); Court of Appeals Rule 25 (c) (2).

[5] See *Warren v. State*, 265 Ga. App. 109, 110 (592 SE2d 879) (2004); *Thomas v. State*, 255

the evidence more than sufficient to sustain his convictions.[6]

2. Carter also contends that the trial court abused its discretion in permitting GBI Agent Edgar to remain in the courtroom after Carter invoked the rule of sequestration. The prosecutor stated that Edgar's presence was required for an orderly presentation of the evidence, and the trial court permitted him to remain in the courtroom. Carter also suggests that, even if allowed in the courtroom, Edgar should have been required to testify first.

Like Carter, we are troubled by the trial court's ready acceptance of the State's conclusory assertion that Edgar was needed in the courtroom. The rule of sequestration is vital: it prevents a witness who is testifying from influencing a witness who has yet to testify.[7] Such rule should not be abrogated arbitrarily only to have the abrogation immunized under the "abuse of discretion" standard. In order for the trial court to properly exercise discretion, some evidence should be presented to justify the witness' continued presence in the courtroom. If there is no evidentiary support, this Court is hampered in its ability to determine whether the trial court acted properly.

We have reached a point where the prosecution acts as though it has an absolute right to have its witness present for the duration of trial. An empty assertion that the prosecution simply "needs" a witness during trial to assist in the orderly presentation of its case, without more, should not be the kind of assertion upon which discretion can be granted. Moreover, the presence of such witness should be the exception rather than the rule. It strains the intellect to conclude that one who is trained as a lawyer and experienced as a prosecutor cannot properly and orderly present a case without assistance from a police officer. Indeed, why else would lawyers interview witnesses before trial?

Notwithstanding our misgivings, we are constrained by existing law on this issue. As this Court recently reiterated, "[a] trial court has discretion to grant an exception to the rule of sequestration, and we will not reverse the trial court's decision absent an abuse of discretion."[8] Where, as here, the prosecutor states that a witness is needed in the courtroom for the orderly presentation of evidence, under the current law, a trial court does not abuse its discretion in permitting

---

Ga. App. 261, n. 1 (565 SE2d 130) (2002); *Bright v. State*, 197 Ga. App. 784 (1) (400 SE2d 18) (1990).

[6] See *Cobb v. State*, 268 Ga. App. 66, 67-68 (601 SE2d 443) (2004); *Drummer v. State*, 264 Ga. App. 617, 618-619 (1) (591 SE2d 481) (2003); *Mack v. State*, 263 Ga. App. 186, 186-187 (1) (587 SE2d 132) (2003).

[7] See *Howard v. State*, 263 Ga. App. 593, 596 (2) (588 SE2d 793) (2003).

[8] *Totino v. State*, 266 Ga. App. 265, 269 (4) (596 SE2d 749) (2004).

the witness to remain.[9] This is true even if the witness does not testify first.[10] Thus, this allegation of error presents no basis for reversal.

3. In his final enumeration of error, Carter maintains that the trial court erred in admitting the Smith and Wesson .357 revolver in evidence because the gun was not proved to have been the one used. According to Carter, the gun and testimony regarding the gun's character were not "directly relevant to the charges against [him]." We disagree. " 'A weapon that was not actually used in the commission of an offense, but which is similar to that which was so used is generally admissible [in] evidence.' "[11] It follows that this claim of error lacks merit.[12]

*Judgment affirmed. Adams, J., concurs. Bernes, J., concurs in the judgment only.*

DECIDED FEBRUARY 10, 2005.

*Walter E. Van Heiningen*, for appellant.
*J. David Miller, District Attorney, James E. Hardy, James L. Prine II, Assistant District Attorneys*, for appellee.

---

[9] See id.; *Williams v. State*, 277 Ga. 853, 856-857 (4) (596 SE2d 597) (2004).

[10] See *Totino*, supra.

[11] *Mize v. State*, 269 Ga. 646, 654 (10) (501 SE2d 219) (1998).

[12] See id.; *Banks v. State*, 269 Ga. App. 653, 655 (3) (605 SE2d 47) (2004); *Tew v. State*, 246 Ga. App. 270, 274 (4) (539 SE2d 579) (2000) (physical precedent only).