## A07A1913. BURNS v. THE STATE.
### (654 SE2d 405)

RUFFIN, Judge.

A jury found Renard Burns, Jr., guilty of armed robbery and aggravated assault. Burns appeals, challenging the sufficiency of the evidence. He also argues that the trial court erred in admitting his written confession and in permitting the lead investigator to remain in the courtroom after he invoked the rule of sequestration. For reasons that follow, we affirm.

1. In reviewing Burns's challenge to the sufficiency of the evidence, we construe the evidence in a light favorable to the jury's verdict.[1] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find Burns guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that shortly after midnight on June 22, 2003, Barbara Marquis was robbed at gunpoint in the parking lot of the store she owned. Although the robber wore a mask, Marquis recognized him from his voice and other features as a customer known as "Junior," who Marquis later identified as Burns. According to Marquis, Burns pointed a gun at her, demanded money, then shot and wounded her dog. Frightened, Marquis gave him cash from her store, as well as her purse. Burns fled on foot, and Marquis called the police.

[1] See *Phanamixay v. State*, 260 Ga. App. 177, 178 (1) (581 SE2d 286) (2003).
[2] See id.

Officers later questioned Burns, who initially denied any involvement in the crimes. Upon further questioning, however, he admitted to robbing Marquis, and he signed a written confession. Although he maintained in his confession that he was not armed, he was seen with a gun a week or two before the robbery.

Before confessing, Burns was informed of his *Miranda* rights,[3] and he signed a waiver of rights form. The police officer who obtained the confession testified that Burns understood the proceedings and did not appear to be under the influence of drugs or alcohol at the time. The officer further testified that Burns was neither forced to confess nor offered any benefit in exchange for his statement.

Burns testified on his own behalf, claiming that he was "tricked" by police into confessing. Burns asserted that he was in a nightclub parking lot visiting with friends at the time of the robbery. The defense presented several witnesses who testified that they saw Burns at the club in clothing different from that worn by the robber. The nightclub owner testified, however, that he had never seen Burns at the club and that he "keep[s] up with" everyone who "comes and goes" at his business.

On appeal, Burns argues that the evidence did not authorize the jury's verdict. We disagree.

"Although an uncorroborated confession cannot support a conviction under OCGA § 24-3-53, corroboration of a confession in any particular satisfies the requirements of the statute."[4] Proof of the corpus delicti — proof that the crime actually occurred — constitutes sufficient corroboration.[5] The finder of fact determines whether the evidence presented meets the corroboration requirement.[6]

The State offered evidence from which a jury could conclude that Burns was advised of his *Miranda* rights, signed a *Miranda* waiver, and voluntarily confessed that he robbed Marquis. Testimony from Marquis, which detailed the robbery and identified Burns as the robber, provided significant corroboration for the confession. We recognize that Burns challenged the accuracy of the identification through his cross-examination of Marquis. This challenge, however, raised credibility issues that were for the jury, not this Court, to resolve.[7] Moreover, although Burns told police that he did not use a gun during the robbery, several robbery witnesses, including Marquis, testified that the robber had a gun.

---

[3] See *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[4] (Punctuation omitted.) *Phanamixay*, supra at 179.

[5] See *Cummings v. State*, 272 Ga. App. 886, 889 (3) (614 SE2d 121) (2005); *Bigham v. State*, 222 Ga. App. 353, 354 (474 SE2d 254) (1996).

[6] See *Cummings*, supra.

[7] See *Phanamixay*, supra at 178.

Given the evidence presented, including Burns's confession, Marquis's identification of him, the testimony regarding his use of a gun, and evidence from the nightclub owner undermining his alibi claim, the jury was authorized to find him guilty of armed robbery and the aggravated assault of Marquis.[8] We find no merit, therefore, in Burns's sufficiency challenge.

2. Burns argues that the trial court erred in admitting his written confession into evidence. Before trial, the court held a *Jackson-Denno*[9] hearing to determine whether the confession was voluntary and admissible. Burns argues on appeal that the testimony presented at the hearing was "essentially in equipoise." Although the officer who obtained the confession presented testimony demonstrating it to be free and voluntary, Burns testified that the officer threatened him and offered rewards to extract the confession. According to Burns, a trial court should not admit a confession when confronted with such conflicting testimony.

Absent clear error, however, "a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal."[10] Despite Burns's claims to the contrary, the trial court was authorized to accept the officer's testimony regarding the confession and reject Burns's "self-serving explanation."[11] Accordingly, this claim of error presents no basis for reversal.[12]

3. Finally, Burns argues that the trial court abused its discretion in permitting the lead investigating officer to remain in the courtroom after Burns moved to sequester all witnesses. The record shows that the prosecutor requested that the investigator stay to assist with the State's case, and the trial court granted the request.

We have previously expressed misgivings about allowing an officer to remain in the courtroom based solely on a prosecutor's conclusory statement of need.[13] Our Supreme Court has held, however, that a trial court does not abuse its discretion in excepting an investigating officer from sequestration when the State requests that the officer "assist in the prosecution."[14] Because such request was

---

[8] See OCGA §§ 16-8-41 (a); 16-5-21 (a); *Cummings*, supra; *Phanamixay*, supra at 178-179.

[9] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[10] *Grier v. State*, 273 Ga. 363, 365 (2) (541 SE2d 369) (2001).

[11] Id.

[12] See id.; *Hill v. State*, 262 Ga. App. 58, 59 (2) (584 SE2d 664) (2003).

[13] See *Carter v. State*, 271 Ga. App. 588, 590 (2) (610 SE2d 181) (2005) (physical precedent only).

[14] See *Flowers v. State*, 275 Ga. 592, 594 (3) (571 SE2d 381) (2002); see also *Moorer v. State*, 286 Ga. App. 395, 398-399 (3) (649 SE2d 537) (2007) (no violation of sequestration rule where lead investigator allowed to remain in courtroom upon State's request that he be permitted to assist in the orderly presentation of the case); *Dunson v. State*, 275 Ga. App. 515, 516 (1) (621

made in this case, the trial court did not abuse its discretion in allowing the officer to stay in the courtroom.[15]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 2, 2007 —
RECONSIDERATION DENIED NOVEMBER 21, 2007.

*Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Mark A. Hendrix, Assistant District Attorney*, for appellee.

---

SE2d 525) (2005) ("The trial court is vested with discretion to make an exception to the sequestration rule when the prosecution requests that the investigating officer remain to aid in the presentation of the State's case."); *Carter*, supra at 590-591 ("Where . . . the prosecutor states that a witness is needed in the courtroom for the orderly presentation of evidence, under the current law, a trial court does not abuse its discretion in permitting the witness to remain.").

[15] See *Flowers*, supra; *Moorer*, supra; *Dunson*, supra; *Carter*, supra.