## A91A0096. BROWN v. THE STATE.
### (406 SE2d 248)

BEASLEY, Judge.

Ronnie A. Brown was convicted of one count of burglary (OCGA § 16-7-1), two counts of armed robbery (OCGA § 16-8-41) and one count of possession of a firearm during the commission of a crime (OCGA § 16-11-106). He enumerates as error the trial court's denial of his motion for new trial, urging that the evidence was insufficient and that the sentence was excessive given the facts.

Melissa Lesko lived with her mother, Joyce Hill, in Valdosta. An intruder appeared in the home at approximately midnight. When she initially confronted him in a well-lit hallway, he was not wearing a mask, although he belatedly pulled a nylon stocking over his head. He demanded money, but when Lesko went into her bedroom she found that her wallet and checkbook had already been taken. He then sought entrance to Hill's room. She had shut her bedroom door, having been made aware of the intruder, and retrieved a .25 caliber handgun. When the intruder started beating on her door, she fired the weapon through it. The intruder was not hit but ran down the hallway and attempted to flee.

The two women pursued him into the kitchen, where his exit was impeded by dead-bolt lock doors. He got behind the refrigerator to shield himself and pulled something out of his pocket and pointed it at the women. He told Hill to drop her gun. She pulled the trigger but the gun misfired. Again he demanded that she drop her gun. Believing that the intruder possessed a gun, she complied and the intruder retrieved hers.

He then demanded that Lesko give him money. At point of the relinquished gun, she went into her bedroom and found $6 in currency which she gave up. She let appellant out of the house but followed him until the police, who had been called, arrested him. He was in possession of some of the stolen items and was transported back to the victims' house, where they both identified him as the intruder.

The indictment alleged that appellant committed burglary by entering the dwelling of another with the intent to commit theft. One armed robbery count was based on allegations that appellant had

taken U. S. currency and other items from Lesko by use of a firearm. The other armed robbery count was based on allegations that he took the handgun from Hill by use of a firearm. Another count charged possession of a firearm during the commission of the armed robbery against Lesko.

Under Georgia's statutory double jeopardy provisions (OCGA §§ 16-1-6; 16-1-7), there is no prohibition against a defendant's being convicted of both burglary and a completed criminal offense, in this case armed robbery, after gaining entry into the dwelling, as each offense has distinct elements. See *Groves v. State*, 152 Ga. App. 606, 607 (2) (263 SE2d 501) (1979). Likewise, the offense of possession of a firearm during the commission of a felony does not merge into the accompanying felony, i.e., armed robbery, so that the defendant can be convicted of both without statutory or constitutional prohibition. *Wiley v. State*, 250 Ga. 343, 351 (6) (296 SE2d 714) (1982). Contrary to appellant's argument, armed robbery can be committed with either a real weapon "or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a); *Moody v. State*, 258 Ga. 818 (375 SE2d 30) (1989).

As required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the offenses beyond a reasonable doubt.

Appellant, who has a prior burglary conviction, was sentenced to a term of 15 years imprisonment for the burglary conviction, 15 years for each armed robbery, and five years for possession of a firearm. These sentences, though each is consecutive to the preceding one, are within legal limits and not excessive.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991.

*David F. Sandbach, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.