## A99A0374. TURNER v. THE STATE.
(516 SE2d 343)

BARNES, Judge.

A jury found Norman Turner guilty of two counts of armed robbery. Turner appeals, contending (1) there is insufficient evidence to support one of his armed robbery convictions; (2) the trial court erred when it failed to charge the jury on the lesser included offense of robbery by intimidation; (3) the trial court should not have admitted evidence of his escape from the county jail before his trial; and (4) he received ineffective assistance of counsel because his lawyer failed to object to the jury charge. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that on July 29, 1995 around 3:30 a.m., Turner purchased black pantyhose at a Lil' Champ convenience store with the assistance of the store clerk, Alvin Wilson. Wilson testified that Turner was wearing a gray and blue jogging suit and a bandana on his head. Wilson observed that Turner was wearing the jogging suit over a pair of green pants and also noticed that Turner took off a pair of dark sunglasses as he entered the store.

Wilson recognized Turner as an occasional customer and watched where Turner went when he left the store. Wilson testified that he saw Turner pull the pantyhose out of its container and throw the container away as he walked across the street toward the Holiday Inn. He lost sight of Turner when he entered a parking lot.

Jim Rutland testified that on July 29, 1995, he was working as a night manager for the Holiday Inn. In the early morning hours, a man entered the motel and asked for a room. He was wearing a "do-rag" on his head, a gray and blue sweatsuit, and turtle shell sunglasses with dark green lenses. He also had a black stocking hanging around his neck.

Rutland told the man he did not have any available rooms and turned around to go back to his desk. When he caught a glimpse of movement out of the corner of his eye, Rutland turned around and saw that the man had pulled a stocking over his face and placed his hand in a sack. Rutland testified that the man "had the bag stuck over his hand and pointed at me" while saying "Give me the money — just the big bills." Rutland gave the man the money because he presumed he had a gun in the sack. He admitted that he did not know if the man had a gun in the sack, but explained that he did not want to question it. After taking the money, the man told Rutland to step away from the counter and left. Rutland then called 911.

Wilson testified that the appellant returned to the Lil' Champ convenience store the next evening with a handgun and robbed it. Police dogs tracked the appellant's scent from the Lil' Champ to his home. After learning the appellant's name through a neighbor, the

police showed Wilson a photo line-up of six men, including the appellant. Wilson identified the appellant as the man who had purchased black pantyhose and also robbed his store. The police arrested the appellant and found a gray and blue sweatshirt jacket and a black bandana in his room.

Rutland testified that the appellant "sort of looked like" the person who had robbed him at the Holiday Inn and that he was not sure that the appellant was the robber because he only saw the robber for 20 or 30 seconds. Rutland further testified that the gray and blue sweatshirt found in the appellant's apartment was identical to the clothing worn by the robber.

1. In his first enumeration of error, Turner contends there was insufficient evidence to support his conviction of armed robbery of Rutland at the Holiday Inn. Turner concedes there was sufficient circumstantial evidence to show his presence at the scene of the crime. He bases his insufficiency claim on the lack of evidence showing he had a gun.

Under our law,

> A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.

OCGA § 16-8-41 (a). In *Moody v. State*, 258 Ga. 818, 819-820 (1) (375 SE2d 30) (1989), the Supreme Court examined the "any replica, article, or device having the appearance of such weapon" portion of the Code section and determined that it does not require a victim to actually see an offensive weapon.

> Since the purpose of [this language] is to create a reasonable apprehension on the part of the victim that an offensive weapon is being used, it is immaterial whether such apprehension is created by use of the sense of vision or by any other sense, provided that the apprehension is reasonable under the circumstances.

Id. Thus, if a victim reasonably apprehends that an offensive weapon is being used, the "appearance" element for an armed robbery conviction will be satisfied. Id.

In *Brown v. State*, 199 Ga. App. 773 (406 SE2d 248) (1991), we found sufficient evidence to support an armed robbery conviction based on the victim's testimony that an intruder in her home "pulled something out of his pocket and pointed it at [her]," while demanding that she drop her gun. The victim testified that she dropped her gun

because she believed that the intruder also had a gun.

As in *Brown*, the evidence in this case supports the conclusion that Rutland reasonably apprehended that Turner had a gun even though he never saw a gun. The evidence shows that Turner turned back toward the victim with a stocking over his face after he had already been told no rooms were available. At the same time, he pointed his hand, which was covered by a sack, toward the victim and demanded money. This conduct would cause apprehension that Turner had a gun in any reasonable person. As a result, we find sufficient evidence to support Turner's armed robbery conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration of error, Turner contends the trial court erred when it failed to charge the jury on the lesser included offense of robbery by intimidation. We find no merit in this enumeration because no written request for this charge was made below. A trial court's failure to charge on a lesser included offense is not error when no written request is made for the charge. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976).

3. In his third enumeration, Turner asserts the trial court erred when it allowed the State to present evidence that he escaped from the county jail approximately five months after his arrest while he was awaiting trial. According to Turner, the five-month period between his arrest and his escape was too long to support the conclusion that his escape was due to consciousness of guilt.

We find no merit in this enumeration. The State is entitled to offer evidence of flight while a defendant is awaiting trial and argue that it demonstrates consciousness of guilt. *Renner v. State*, 260 Ga. 515, 518 (3) (b) (397 SE2d 683) (1990); *Welborn v. State*, 236 Ga. 319, 320 (223 SE2d 698) (1976); *Carver v. State*, 137 Ga. App. 240, 242 (1) (223 SE2d 275) (1976). The amount of time that lapsed is "a factor to be weighed by the jury, along with the other circumstances surrounding the flight, to determine if the flight was due to a sense of guilt or some other reason." *Carver*, supra, 137 Ga. App. at 242. See also *Smith v. State*, 184 Ga. App. 739, 740-741 (362 SE2d 384) (1987).

4. In his final enumeration of error, Turner complains he received ineffective assistance of counsel because his trial counsel failed to reserve objections at the conclusion of the trial court's charge. According to Turner, his counsel's failure to reserve objections waived his right to appeal the trial court's failure to charge on robbery by intimidation as a lesser included offense.

During the hearing on Turner's motion for new trial, his trial counsel testified that Turner's sole defense at trial was that the State was prosecuting the wrong person because he did not commit the crimes. She further testified that she did not request a charge on the

lesser included offense of robbery by intimidation because she believed it would have been inconsistent and detrimental to Turner's case to assert that he was not present when the crime was committed and at the same time ask the jury to find that he committed robbery by intimidation instead of armed robbery. Finally, she explained that she did not reserve any objections to the jury charge because she did not have any objections to the charge. Turner also testified in the hearing and admitted telling his trial counsel that he was not present at the time the crime was committed.

At the conclusion of the hearing, the trial court denied Turner's motion for new trial, finding he failed to prove that the performance of his trial counsel was deficient and that the outcome of the trial would have been different absent her alleged deficiencies.

We must affirm a trial court's finding that a defendant has not been denied effective assistance of counsel unless it is clearly erroneous. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996). In order to prevail on a claim of inadequacy of counsel, Turner bears the burden of proving that his trial counsel's performance was deficient and that this deficient performance prejudiced his defense by creating a reasonable probability of a different outcome but for the errors of his trial counsel. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990).

In this case, the decision of Turner's counsel not to request a charge on the lesser included offense of robbery by intimidation and, instead, to pursue an all-or-nothing defense was a matter of trial strategy. *Milliken v. State*, 230 Ga. App. 810, 812-813 (2) (b) (498 SE2d 127) (1998); *Harshaw v. State*, 222 Ga. App. 385, 387 (2) (474 SE2d 226) (1996). "As a general rule, matters of tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel." (Citation and punctuation omitted.) *Milliken*, supra, 230 Ga. App. at 812. Based on the all-or-nothing defense strategy of Turner's trial counsel, her failure to object to the jury charge does not amount to a deficient performance. Id. The trial court did not clearly err when it denied Turner's motion for a new trial based upon ineffective assistance of counsel.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 13, 1999.

*McGee & McGee, James B. McGee III*, for appellant.

■■■■■■■■■■■

*Richard E. Currie, District Attorney, Theo M. Sereebutra, Assistant District Attorney*, for appellee.