A06A0107. MADDOX v. THE STATE.

(627 SE2d 166)

MILLER, Judge.

Following a jury trial, Clifford Lamar Maddox was convicted of two counts of aggravated assault, one count of armed robbery, one count of burglary, and two counts of kidnapping. The trial court sentenced Maddox to serve 20 years for each count, with all of the sentences running concurrently except for the sentences for kidnapping, which ran concurrently with each other but consecutively to the 20-year sentences for the other counts. Maddox moved to merge the convictions into a single 20-year sentence, but such motion was denied by the trial court. Maddox contends that the trial court erred in refusing to merge the counts for sentencing purposes. Since the trial court erred in failing to merge the two aggravated assault counts, but properly sentenced on the remaining counts, we vacate the aggravated assault sentences and remand for resentencing as to those counts.

Viewed in the light most favorable to the verdict, the evidence showed that Maddox, along with three accomplices, conducted a violent home invasion against a young couple. Maddox knew the victims through a common friend, and he gained entry to the victims' home by knocking on their door and inquiring about this common friend. The male victim recognized Maddox and invited him into the home, but Maddox's three accomplices soon thereafter entered the home wielding guns. Maddox also pulled out a gun and pointed it at

---

the male victim. The intruders pistol-whipped the male victim and, with their guns cocked and pointed at the male victim's head, demanded that he give them his money.

Upon hearing the commotion, the female victim locked herself in the bedroom, but one of the men kicked down the door and pulled her into the kitchen. The men told the victims that they would kill them if they did not give them their money. The men also began screaming about where to put the victims, and they forced the victims to the bedroom, where the intruders unsuccessfully attempted to tie them up. While one of the intruders pointed his gun at the female victim, she gave him her purse, which contained her cash and credit cards. When three of the intruders took the male victim to the garage so that he could open the couple's safe, the female victim was able to escape. Soon thereafter, and before the male victim was able to open the safe, the intruders left, taking the female victim's purse and some computer equipment that had been left near the front door.

Maddox claims that the trial court erred by failing to merge the convictions for kidnapping, burglary, and aggravated assault with a deadly weapon into the convictions for armed robbery and aggravated assault with the intent to rob. For the reasons that follow, we conclude that the trial court properly declined to merge the convictions for kidnapping, burglary, and armed robbery into the other two convictions, but erred in failing to merge the two aggravated assault convictions for sentencing purposes.

Georgia law bars conviction for a crime that "arises from the same criminal conduct included as a matter of fact or as a matter of law in another crime for which the defendant has been convicted." (Citation omitted.) *Morris v. State*, 263 Ga. App. 115, 118 (4) (587 SE2d 272) (2003).

Kidnapping is not included in the crimes of armed robbery or aggravated assault as a matter of law because the elements of the crimes are different. See *Chambley v. State*, 163 Ga. App. 502, 504 (2) (295 SE2d 166) (1982). "[O]ffenses merge as a matter of fact only if one of them is established by proof of the same or less than all the facts used to prove the other." (Citation and punctuation omitted.) *Aaron v. State*, 275 Ga. App. 269, 270 (2) (620 SE2d 499) (2005). Here, the movement of each of the victims from the kitchen to the bedroom, where the intruders attempted to tie them up, was sufficient to convict Maddox for the kidnapping of both victims.[1] The kidnappings

---

[1] Any unlawful asportation, however slight, is sufficient to show the taking element to establish a kidnapping under Georgia law. *Brown v. State*, 132 Ga. App. 399, 401 (2) (208 SE2d 183) (1974). The movement of the victims from the kitchen to the bedroom where they could be restrained satisfies this criteria. See *Woodson v. State*, 273 Ga. 557, 558 (544 SE2d 431) (2001) (forced movement of victim from bathroom to bedroom prior to rape was sufficient to establish

occurred independently of the aggravated assault (pistol-whipping) of the male victim and independently of the armed robbery of the female victim's purse. See *Phillips v. State*, 259 Ga. App. 331, 334 (6) (577 SE2d 25) (2003). Thus, the trial court properly declined to merge the kidnapping convictions with the aggravated assault and armed robbery convictions for sentencing purposes.

Similarly, the burglary conviction does not merge with the armed robbery or aggravated assault convictions as a matter of law because each offense has distinct elements. See *Brown v. State*, 199 Ga. App. 773, 774 (406 SE2d 248) (1991). Nor did the convictions merge as a matter of fact. The crime of burglary was complete as soon as Maddox remained in the victims' home without authority and with the intent to commit a theft therein. See *Smith v. State*, 250 Ga. App. 465, 467 (1) (552 SE2d 468) (2001). Such evidence was sufficient to convict Maddox of burglary and was independent of the evidence required to support the armed robbery and aggravated assault convictions.

Maddox's convictions for aggravated assault of the male victim with the intent to rob and aggravated assault of the male victim with a deadly weapon, however, do not rely on distinct criminal acts. The weapons used in the assault were also implements of the robbery and used with the same purpose and intent. See *York v. State*, 242 Ga. App. 281, 295 (8) (528 SE2d 823) (2000). Indeed, the assault of the male victim with a gun was completed in conjunction with Maddox's efforts to rob him. Since the same facts were used to prove both crimes, the different crimes merged as a matter of fact for sentencing purposes. *Kemper v. State*, 251 Ga. App. 665, 666-667 (2) (b) (555 SE2d 40) (2001). The trial court thus erred in failing to merge the charge for aggravated assault with a deadly weapon and the charge for aggravated assault with the intent to rob. Therefore, we vacate the sentences for aggravated assault with a deadly weapon and aggravated assault with intent to rob and remand the case to the trial court to merge these two counts into one and to resentence on the surviving count.

*Judgment affirmed in part and vacated in part. Case remanded for resentencing. Johnson, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 13, 2006.

*Gerard B. Kleinrock*, for appellant.

the asportation element of kidnapping).

*Gwendolyn Keyes Fleming, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.