## A06A0342. ADCOCK v. THE STATE.
(631 SE2d 494)

PHIPPS, Judge.

A jury found Elijah Matthew Adcock guilty of aggravated assault by assaulting Scharlie Lockhart with a deadly weapon (knife), aggravated assault by assaulting Lockhart with the intent to rob, and kidnapping Lockhart. Appealing his convictions of these offenses, Adcock contests the sufficiency of evidence identifying him as the perpetrator, the admission of evidence of his prior arrests, and the court's final charge to the jury. In addition, Adcock argues that the trial court erred by failing to merge the three counts for purposes of sentencing. We find merit only in Adcock's argument that the trial court erred by failing to merge the count of aggravated assault with a deadly weapon into the count of aggravated assault with the intent to rob. Accordingly, we vacate the conviction and sentence for aggravated assault with a deadly weapon and affirm the other convictions.

1. There is no merit to Adcock's contention that there was insufficient evidence identifying him as the perpetrator of the crimes.

Lockhart testified that after he stopped his car at a stop sign in December 2004, Adcock jumped into the vehicle, held a knife to his throat, demanding, "Give me some money" and "[W]e've got to ride out. . . ." As Lockhart drove around the area, Adcock continued to hold the knife on him and demand money. When Lockhart spotted a police station, he sped into its parking lot, at which point, Adcock fled on foot.

A police officer standing outside the station saw Lockhart drive his car into the parking lot at a high rate of speed and heard his scream that the fleeing man was armed with a knife. Soon after getting Lockhart's description of the man, the police captured Adcock about 250 feet from the station parking lot. At trial, the officer identified Adcock as the person police had taken into custody that day. The officer further testified that while Adcock was in the back of the patrol car, he made statements that placed him in Lockhart's car moments before he was apprehended.

Adcock testified that he had entered Lockhart's car because Lockhart owed him money. He claimed that he had refused to get out of Lockhart's car because Lockhart would not pay him the money. Adcock stated that, although he had a knife in his pocket, he did not threaten Lockhart with it.

Viewed in a light most favorable to the verdicts, the evidence was sufficient to authorize a rational trier of fact to find that Adcock was the perpetrator of the crimes charged.[1]

2. Adcock argues that the trial court erred in allowing evidence of his past arrests.

The record reveals that Adcock's attorney requested Adcock to "explain to the jury what happened." After giving his account, Adcock added, "I've been locked up a few times in my life." By volunteering this information, Adcock himself raised an issue which the state could fully explore.[2] And on cross-examination, Adcock answered questions pertaining to his unsolicited admission that he had been previously jailed. Such questioning by the state was within the permissible scope of a thorough and sifting cross-examination.[3] "[T]he control of the cross-examination was largely in the discretion of the trial court, and it was not error to allow appellant to be cross-examined with regard to the specific circumstances surrounding [his prior arrests] to which he had testified on direct examination."[4]

3. Citing his own testimony that Lockhart was "evil," Adcock contends that the trial court erred in failing to instruct the jury that a witness may be impeached by evidence of his general bad character.[5]

After charging the jury, the court asked both sides for objections. Adcock's lawyer responded that he had no objections to the jury charges, thereby waiving this contention.[6]

4. Adcock asserts that the trial court gave "no instructional guidance on eye-witness identification" and therefore *Brodes v. State*[7] requires reversal of his convictions.

In *Brodes*, the Supreme Court of Georgia disapproved of charging "jurors [that] they may consider a witness's level of certainty when instructing them on the factors that may be considered in deciding the reliability of that identification."[8] Here, no such charge was given. Moreover, Adcock himself admitted that he was the person in Lockhart's car that day seeking money. *Brodes* requires no reversal in this case.

---

[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Richardson v. State*, 173 Ga. App. 695, 696 (2) (327 SE2d 813) (1985).

[3] Id. at 696-697; see also OCGA § 24-9-20 (b) (as amended in 2005) (if a defendant testifies, he or she may be examined and cross-examined as any other witness).

[4] *Richardson*, supra at 697; see *Kimmons v. State*, 267 Ga. App. 790, 791-792 (1) (a) (600 SE2d 783) (2004).

[5] See OCGA § 24-9-84 (subject to certain limitations, a witness may be impeached by evidence of his general bad character).

[6] *Leggon v. State*, 249 Ga. App. 467, 469-471 (2) (549 SE2d 137) (2001).

[7] 279 Ga. 435 (614 SE2d 766) (2005).

[8] Id. at 442.

5. Adcock contends that the trial court erred in failing to merge the three offenses for purposes of sentencing.

> OCGA § 16-1-7 (a) sets forth the substantive bar of double jeopardy by providing that an accused may be prosecuted for each crime that arises from the accused's conduct, but an accused may not be convicted of more than one crime, if one crime is included in the other. Thus, Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted. The judgment of conviction and the sentence imposed for offenses included as a matter of fact or law in another offense arising out of the same facts for which the defendant has been found guilty and been sentenced are vacated by operation of law.[9]

(a) The trial court did not err in separately convicting and sentencing Adcock for kidnapping because that crime did not merge with either aggravated assault charge as a matter of fact or law.[10]

(b) The trial court did err, however, in convicting and sentencing Adcock for aggravated assault with a deadly weapon and aggravated assault with the intent to rob. Although one is not included in the other as a matter of law, these two offenses may as a matter of fact merge if the same facts are used to prove both offenses. "Aggravated assault with intent to rob requires the reasonable apprehension of receiving bodily injury and proof of the intent to rob the victim."[11]

> There having been no additional, gratuitous violence employed against the victim, it follows that the evidentiary basis for the aggravated assault [with a deadly weapon] conviction was "used up" in proving the [aggravated assault with the intent to rob]. The entry of separate convictions for both offenses is thus barred by OCGA § 16-1-7 (a). . . .[12]

The trial court sentenced Adcock to serve in prison ten years for kidnapping; five years for aggravated assault with a deadly weapon,

---

[9] *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002) (citations and emphases omitted).

[10] See *Phanamixay v. State*, 260 Ga. App. 177, 181 (3) (581 SE2d 286) (2003); *Brown v. State*, 232 Ga. App. 787, 788-789 (1) (a) (504 SE2d 452) (1998).

[11] *Brown*, supra at 789.

[12] *Smith v. State*, 193 Ga. App. 208, 209 (1) (387 SE2d 419) (1989); see also *Young v. State*, 272 Ga. App. 304, 308 (2) (612 SE2d 118) (2005).

consecutive to the kidnapping sentence; and five years for the aggravated assault with the intent to rob, consecutive to the kidnapping sentence and concurrent with the aggravated assault with a deadly weapon sentence. We hereby vacate Adcock's conviction and sentence for aggravated assault with a deadly weapon and uphold his kidnapping and aggravated assault with the intent to rob convictions and sentences.[13]

*Judgment affirmed in part and vacated in part. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED MAY 18, 2006.

*James W. Bradley*, for appellant.

*Jewel C. Scott, District Attorney, Jonathan O. Oden, Assistant District Attorney*, for appellee.

---

[13] See *Young*, supra; *Smith*, supra; compare *Blocker v. State*, 265 Ga. App. 846, 848 (2) (a) (595 SE2d 654) (2004) (separate and distinct acts supported separate convictions for two sequential, but separate crimes against the same victim); *Bales v. State*, 200 Ga. App. 97, 98 (406 SE2d 790) (1991) (separate and distinct acts supported separate convictions for two sequential, but separate crimes against the same victim).