## A06A0657. HILL v. THE STATE.

(632 SE2d 443)

BERNES, Judge.

Following a jury trial, Aristola D. Hill was convicted of armed robbery, two counts of aggravated assault, and one count of kidnapping. Hill appeals, arguing that the trial court erred in admitting similar transaction evidence and in failing to merge the kidnapping into the armed robbery and aggravated assault convictions. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence at trial shows that at approximately 5:00 a.m., November 30, 1997, Hill and Thomas Lee Chapman drove to the home of Chapman's brother, Bobby Miles, to inform him that they were planning to rob Harvey's grocery store in Albany. Miles was the assistant manager of the store and Chapman was the stock manager.

At approximately 8:00 a.m. that same day, Hill entered Harvey's wearing a mask and brandishing a gun. He demanded that the customers get on the floor and forced three store employees into the store office while holding the gun to the head of one of the employees. Hill made the three employees lie on the office floor. Hill demanded that Miles, who was on duty as assistant manager at the time, give him the cash from the store's safe. After receiving the money, he exited the store and left with Chapman, who had been waiting in a car that Hill had rented for the robbery.

Hill and Chapman drove to Hill's mother's house, where they separated the food stamps, checks, and phone cards from the cash and then burned everything but the cash. Police later recovered the burnt remains of food stamps in Hill's mother's grill.

Acting upon information received from an informant, police arrested Miles and Chapman, who then confessed to the crime and told of Hill's involvement. All of the witnesses at trial testified that the masked man that had robbed the store was a "heavy-set" man over six feet tall. Miles and Chapman pled guilty prior to trial and testified against Hill.[1]

---

[1] Chapman entered a guilty plea to one count of armed robbery. Miles pled guilty to the

At trial, the state also offered evidence showing that on May 28, 1998, at approximately 6:30 a.m., Hill robbed a Harvey's grocery store in Sylvester, Worth County. During that robbery, Hill entered the store wearing a mask, pointed a gun at the head of a delivery man and forced him to the back of the store. Hill ordered everyone else in the store to lie on the floor, and forced the manager to give him all of the money that was in the store's safe.

1. Hill contends the trial court erred in admitting the similar transaction evidence. He argues that the evidence had no purpose other than to show Hill's propensity to commit the crimes on trial and that its admission was unduly prejudicial. We disagree.

> Before similar transaction evidence can be introduced, the state must make three affirmative showings as mandated by *Williams v. State*.[2] First, the state must identify a proper purpose for admitting the transaction; second, the state must show that the accused committed the separate offense; and third, the state must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. A decision to admit a similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.

(Footnotes omitted.) *Houston v. State*, 270 Ga. App. 456, 458 (1) (606 SE2d 883) (2004).

All three prongs of the *Williams* analysis were satisfied in this case. First, as found by the trial court, the challenged evidence was admissible for the appropriate purposes of showing modus operandi and course of conduct. See *Houston*, 270 Ga. App. at 459 (1) (holding that both course of conduct and modus operandi are proper purposes for the admission of similar transaction evidence). See also *Edwards v. State*, 262 Ga. 470, 471 (2) (422 SE2d 424) (1992); *Gibson v. State*, 268 Ga. App. 696, 698 (2) (a) (603 SE2d 319) (2004). Second, proof of Hill's identity as perpetrator of the similar transaction was established by the state's introduction of certified copies of Hill's convictions in that case. *Freeman v. State*, 232 Ga. App. 715, 716 (3) (503 SE2d 601) (1998); *Etheridge v. State*, 228 Ga. App. 788, 789 (1) (492 SE2d 755) (1997).

And third, the crimes for which Hill was on trial and the similar transaction were sufficiently similar so that proof of one tended to

---

lesser offense of robbery by intimidation.

[2] 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

prove the other. In both cases Hill entered a Harvey's grocery store in the early morning hours, masked and brandishing a gun. In both cases, Hill ordered the store occupants to lay on the floor as he held another person at gunpoint. And, in both cases, he forced store employees to the back of the store and demanded that a manager empty the contents of the safe. While there were some differences between the two, "[t]he proper focus is on the similarity, not the differences, between the separate crime and the crime in question." (Punctuation and footnote omitted.) *Houston*, 270 Ga. App. 458 (1). See also *Gibson*, 268 Ga. App. at 698 (2) (b).

Finally, because the similar transaction evidence was probative of a disputed issue in the case, its admission was not unduly prejudicial. Hill's counsel focused intently on the fact that no store employee could positively identify Hill as the perpetrator of the instant robbery. The occurrence of the Worth County crime and Hill's conviction for the same tended to bolster the credibility of Miles and Chapman and counter the identity defense presented by Hill. The trial court gave a limiting instruction at the time of the admission of the Worth County crimes and at the close of the case. As such, the challenged evidence was more probative than prejudicial and its admission did not constitute an abuse of discretion. See *Clark v. State*, 272 Ga. App. 89, 91 (611 SE2d 741) (2005); *Shuman v. State*, 244 Ga. App. 335, 337 (3) (535 SE2d 526) (2000).

2. Hill next contends that the trial court erred in failing to merge as a matter of fact the conviction for kidnapping with the convictions for armed robbery and aggravated assault. Georgia law bars conviction and punishment of all crimes which arise from the same criminal conduct and are as a matter of law or a matter of fact included in the major crime for which the defendant has been convicted. OCGA § 16-1-7 (a). Crimes may merge as a matter of fact when they are based upon the same conduct. *Owens v. State*, 271 Ga. App. 365, 367 (2) (609 SE2d 670) (2005).

Here, the facts that supported the conviction for kidnapping were not the same as those that supported the conviction for aggravated assault and armed robbery. Rather, the crime of kidnapping was complete when Hill forced the three store employees into the office of the store. *Phanamixay v. State*, 260 Ga. App. 177, 181 (3) (581 SE2d 286) (2003) ("Kidnapping is not a continuing offense, and the crime is consummated when the victim is seized.") (citation and punctuation omitted). Prior to forcing the three store employees into the office, however, Hill committed one count of aggravated assault by pointing his gun at the head of one of the employees. See *Adcock v. State*, 279 Ga. App. 473, 475 (5) (a) (631 SE2d 494) (2006); *Boone v. State*, 250 Ga. App. 133, 137-138 (7) (549 SE2d 713) (2001). He committed the second aggravated assault when he struck an employee

in the head with his gun after forcing him into the office. See *Maddox v. State*, 277 Ga. App. 580, 581-582 (627 SE2d 166) (2006). Finally, Hill committed the crime of armed robbery when he took money belonging to the Harvey's store from Miles at gunpoint while in the presence of the store employees. Id. Thus, the trial court properly declined to merge the kidnapping conviction with the convictions for aggravated assault and armed robbery for sentencing purposes. See *Owens*, 271 Ga. App. at 367-368 (2); *Phanamixay*, 260 Ga. App. at 181 (3). See also *Maddox*, 277 Ga. App. at 581-582; *Hickey v. State*, 267 Ga. App. 724, 727-728 (601 SE2d 157) (2004).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 8, 2006.

*Linda Malveaux*, for appellant.
*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.