## A07A2384. DUNCAN v. THE STATE.
(658 SE2d 780)

ADAMS, Judge.

Jeremy Duncan appeals following his conviction on one count each of hijacking a motor vehicle, aggravated assault with intent to rob, aggravated assault with a deadly weapon, and criminal attempt to commit armed robbery.[1] He asserts that the trial court erred in sentencing him separately on each of these counts because the two aggravated assault charges merged as a matter of fact and the criminal attempt charge merged into the assault charges.

On February 14, 2006, the victim's taxi was summoned to an address in Clayton County to pick up a fare. Duncan got into the cab at that address and directed the driver to another location. Once they arrived at the destination, Duncan pulled out a gun and demanded the driver's money. The driver told Duncan that he had no money. The cab remained in gear while this exchange was repeated several times, and Duncan reached over and put the vehicle into park. The parties then began to struggle, and Duncan struck the driver in the head with the gun. Duncan also fired the gun into the floorboard. When the parties noticed that someone had observed the altercation and was approaching the cab, Duncan ordered the driver out of the vehicle and drove off.

Duncan first contends that the two aggravated assault charges merge as a matter of fact because the driver's testimony that Duncan pointed a gun and demanded money constituted one continuous and uninterrupted act. He asserts that the criminal attempt to commit armed robbery charge merged into the assault charges for the same reason. The state counters, however, that the crime of criminal attempt was complete when Duncan pointed his gun at the driver and demanded money, while Duncan's subsequent actions in putting the cab into park and then striking him with his gun constituted separate acts of assault. Alternatively, the state asserts that the separate assault charges were supported by evidence that Duncan first struck the driver with his gun, then ordered him out of his cab.

---

[1] At the close of the evidence, the trial court directed a verdict of acquittal on a separate count of aggravated battery.

"Georgia law bars conviction for a crime that arises from the same criminal conduct included as a matter of fact or as a matter of law in another crime for which the defendant has been convicted." (Citation and punctuation omitted.) *Maddox v. State*, 277 Ga. App. 580, 581 (627 SE2d 166) (2006).

> [T]he important question is not the number of acts involved, or whether the crimes have overlapping elements, but whether, looking at the evidence required to prove each crime, one of the crimes was established by proof of the same or less than all the facts required to establish the commission of the other crime charged.

(Footnote omitted.) *Drinkard v. Walker*, 281 Ga. 211, 216 (636 SE2d 530) (2006).

We agree with the state that the charge of criminal attempt to commit armed robbery was complete when Duncan pointed the gun at the cab driver and demanded his money. "A person commits the offense of criminal attempt when, with [the] intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. The actions in pointing a gun and demanding money evidence both the requisite specific intent to commit robbery and the substantial step toward that end. Duncan's subsequent acts, including striking the driver on the head with the gun, were not necessary to prove that offense. "In other words, the pistol was used to effect bodily harm as well as to [attempt] a theft." *Bunkley v. State*, 278 Ga. App. 450, 456 (2) (629 SE2d 112) (2006). Accordingly, the trial court did not err by refusing to merge the offense of criminal attempt with the other offenses. Id.; *Silvers v. State*, 278 Ga. 45, 48 (4) (597 SE2d 373) (2004).

But we agree with Duncan that the trial court erred in sentencing him on the two separate charges of aggravated assault. "[A]ggravated assault is complete[d] when a simple assault is committed with a deadly weapon which, when used offensively against a person, is likely to result in serious bodily injury." (Citation, punctuation and footnote omitted.) *Maynor v. State*, 257 Ga. App. 151, 153 (570 SE2d 428) (2002). The jury was authorized to conclude that the offense of aggravated assault with a deadly weapon was established by the evidence that Duncan struck the driver with the gun during the parties' struggle and fired the gun. But we find that the evidence did not support a separate conviction for assault with intent to rob. "Aggravated assault with intent to rob requires [both] the reasonable apprehension of receiving bodily injury and proof of the intent to rob." (Punctuation and footnote omitted.) *Adcock v. State*, 279 Ga. App. 473, 475 (5) (b) (631 SE2d 494) (2006). The evidence upon which the

state relies to support that charge, Duncan's actions in putting the vehicle into park or in directing the victim out of the cab, do not demonstrate a threat of bodily injury. Rather, any reasonable apprehension of receiving a violent or bodily injury relates to the threat posed by the gun, the same weapon used in the aggravated assault and the criminal attempt. No separate aggravated assault occurred, and the two assault charges merged as a matter of fact for sentencing purposes. *Maddox v. State*, 277 Ga. App. at 582.

Accordingly, we vacate Duncan's two aggravated assault sentences and remand the case for resentencing in accordance with this opinion. *Maddox v. State*, 277 Ga. App. at 582.

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 4, 2008.

Patricia F. Angeli, for appellant.

Jewel C. Scott, District Attorney, Holly W. Veal, Melissa D. Redmon, Assistant District Attorneys, for appellee.

