## A09A0179. JACKSON v. THE STATE.
### (679 SE2d 65)

ADAMS, Judge.

In 1996, Anthony Otto Jackson was convicted of armed robbery, burglary, and false imprisonment. He was sentenced to life for armed robbery, 30 years consecutive to life for burglary, and 12 months concurrent with the burglary sentence for false imprisonment. With new counsel, Jackson moved for but was denied a new trial in 1999. Jackson's convictions and sentences were affirmed on direct appeal in *Jackson v. State*, 243 Ga. App. 289 (531 SE2d 747) (2000). In June 2008, Jackson filed a pro se motion to vacate a void judgment. The trial court denied the motion, and Jackson appeals.

1. Jackson contends the trial court erred by ruling that it did not have subject matter jurisdiction to entertain his motion to vacate a void judgment and that his only available means of relief would be through habeas corpus. It is true that a judgment void for any cause "is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 17-9-4. See also *Wallace v. State*, 284 Ga. 429 (667 SE2d 590) (2008). We must review each of Jackson's enumerations of error to determine whether Jackson raised a legitimate issue of whether his conviction was void.

2. Jackson contends he was sentenced on three crimes that merge as a matter of law, which, if true, would result in a void judgment. *Chester v. State*, 284 Ga. 162 (1) (664 SE2d 220) (2008). Under the required evidence test, " 'the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other

does not.' [Cit.]" *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006). See also OCGA § 16-1-6.

Armed robbery requires proof that a person with intent to commit theft takes property of another, from their person or immediate presence, by use of an offensive weapon. OCGA § 16-8-41. Burglary requires proof that a person without authority, with the intent to commit a felony or theft, enters or remains in the dwelling house of another. OCGA § 16-7-1. False imprisonment requires proof that a person, in violation of the victim's personal liberty, arrests, confines or detains the person without legal authority. OCGA § 16-5-41. Thus all three crimes require proof of at least one fact different from the others. See also *Maddox v. State*, 277 Ga. App. 580, 582 (627 SE2d 166) (2006) (burglary and armed robbery have distinct elements); *Simpson v. State*, 293 Ga. App. 760, 768-769 (6) (668 SE2d 451) (2008) (armed robbery and false imprisonment have distinct elements); *Alexander v. State*, 279 Ga. 683, 686 (4) (620 SE2d 792) (2005) (false imprisonment not included as a matter of law in burglary).

Jackson's other assertions regarding his conviction of armed robbery merely challenge the sufficiency of the evidence and were not properly before the trial court.

3. Jackson contends the trial court charged the jury that the armed robbery could be committed in a manner not charged in the indictment, which, he contends, renders his conviction void. But the indictment and the court's charge of the law were identical with regard to the elements of the crime.

4. Jackson contends his trial counsel was ineffective in certain ways. But Jackson raised ineffective assistance of counsel in his first appeal and any other claim of ineffective assistance of trial counsel has been waived. *Ray v. State*, 253 Ga. App. 626, 627 (3) (560 SE2d 54) (2002).

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED MAY 19, 2009.

Anthony O. Jackson, *pro se.*
Joseph K. Mulholland, *District Attorney*, for appellee.