**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 21, 2020**

# In the Court of Appeals of Georgia

A20A1759. MANER v. THE STATE.

COLVIN, Judge.

After a jury trial, John Williams Maner was convicted of four counts of child molestation (OCGA § 16-6-4 (a)) against two children. He appeals from the denial of his motion for new trial, arguing that the trial court erred by admitting evidence of other acts pursuant to OCGA § 24-4-414, in its jury instruction as to the evidence of other acts, and in admitting Maner's reported flight as evidence of "consciousness of guilt." He also argues that he received ineffective assistance of counsel. For the following reasons, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165)

(2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that Maner often visited his sister, Janis, in LaGrange. On one such visit, sometime around 2006, Maner's 12-year-old grandniece, A. M., was at the home. As A. M. was rocking her baby sister to sleep, Maner walked back and forth in front of her several times while mouthing inaudible words. When A. M. put the baby to sleep and joined Janis in the kitchen, Maner sat at the table and continued to mouth inaudible words. When A. M. asked Maner what he was saying, and he touched her hand and said "I want to lick your pussy." A. M. told Janis about the encounter.

In August 2010, Maner was at Janis's house for a birthday party. Another grandniece, A. G., then an 11-year-old, was also at the party. A. G. asked to use Maner's computer, and he told her that she could use it later that evening. That evening, after the rest of the family was in bed, Maner sat next to A. G. on the couch and let her use the computer. While they were seated on the couch, Maner began to

2

ask A. G. about her personal life and to touch her back. Maner then asked if he could kiss her. A. G. told him that he could, and he began to kiss her cheek. Maner then placed his hand on her leg, rubbed her thigh and moved his hand towards her crotch. A. G. became uncomfortable and left the room. Afterwards, A. G. told Janis and her father, and law enforcement was called. S. G. told the responding officer that Maner had kissed her and touched her inappropriately.

1. Maner argues that the trial court erred by admitting evidence, pursuant to OCGA § 24-4-414 (a), that he committed prior acts of child molestation. Maner argues that the other instances of child molestation should have been excluded because they were too remote in time from the offenses alleged in the indictment and were highly prejudicial. We review the admission of other acts evidence pursuant to OCGA § 24-4-414 for an abuse of discretion, *King v. State*, 346 Ga. App. 362, 364 (1) (816 SE2d 390) (2018), and we discern no such abuse here.

OCGA § 24-4-414 (a) provides: "[i]n a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter which it is relevant." The State filed a pre-trial notice to introduce other acts evidence pursuant to OCGA § 24-4-414, and a

hearing was held prior to trial. The trial court ruled that the evidence could be admitted, but agreed to issue a limiting instruction during trial.

At trial, the State presented evidence of two other acts of child molestation by Maner. A limiting instruction was read to the jury prior to the testimony of each witness. Janis testified about an experience with her brother in their childhood home. Janis testified that in 1958, when she was eight years old, Maner called for her to come up to a storage loft in their house. Maner, then 14 years old, was on a cot in the loft with an erect penis. He unsuccessfully attempted to penetrate her before she escaped. Janis explained that she never told anyone about the occurrence because "[i]t's just something we didn't talk about[,]" and because she managed to block it from her memory for a long time.

The State also presented evidence of an earlier act of child molestation by Maner against Gabrielle Guy. Guy testified that Maner is her mother's friend. In 2002, when Guy was nine years old, Maner spent the night at their house in Pensacola, Florida and slept on their couch. When Guy left her room in the middle of the night to get a glass of water, Maner asked her to come over and sit next to him on the couch. Guy complied, and Maner began running his hands on her legs around

4

her thighs and underwear. The next morning, Guy told her parents about the incident, and they called the police.

Maner argues that the trial court erred in concluding that the probative value of this evidence was not substantially outweighed by its unduly prejudicial effect.

> OCGA § 24-4-414 (a) ("Rule 414")
>
> create[s] a rule of inclusion, with a strong presumption in favor of admissibility, and the State can seek to admit evidence under these provisions for any relevant purpose, including propensity. Nevertheless, evidence that is admissible under these rules may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. OCGA § 24-4-403. The trial court is required to conduct a balancing test under Rule 403 when considering whether evidence is admissible under [Rule 414]. This determination lies within the discretion of the trial court[.]

(Citations and punctuation omitted.) *Dixon v. State*, 350 Ga. App. 211, 213-214 (1) (828 SE2d 427) (2019). Upon review of the trial court's decision under OCGA § 24-4-403, we determine whether the trial court

> properly considered all the circumstances surrounding the extrinsic act evidence, the remoteness in time between the charged act and the extrinsic act, including the similarities between the charged act and the

5

extrinsic act, and the prosecution's need for the extrinsic act evidence. And in doing so, we must be mindful that the exclusion of relevant evidence under OCGA § 24-4-403 is an extraordinary remedy which should be used only sparingly, since it permits the trial court to exclude concededly probative evidence. Thus, we look at the evidence in the light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.

(Punctuation and footnotes omitted.) *McAllister v. State*, 351 Ga. App. 76, 82-83 (1) (830 SE2d 443) (2019).

Here, the trial court considered each of the factors delineated above, and concluded that the evidence of other acts should be admitted with a limiting instruction. Upon review, we conclude that the trial court did not abuse its discretion in admitting evidence regarding Maner's prior acts because the evidence was relevant to show Maner's "intent, identity, and propensity to commit the crimes." *Dixon*, 350 Ga. App. at 214 (1). Both of the prior incidents that the State sought to admit were relevant "to show [Maner's] lustful disposition with respect to preteen or teenaged girls and his pattern of molesting young girls with whom he was living." *Harris v. State*, 340 Ga. App. 865, 869 (1) (b) (798 SE2d 498) (2017).

Further, although more than fifty years elapsed between Maner's prior offense against Janis and the current offense, such an interval, "standing alone, is not enough

6

to require that evidence of the similar transaction be excluded . . . The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility." (Citation and punctuation omitted.) *Banks v. State*, 250 Ga. App. 728, 739 (3) (552 SE2d 903) (2001) (disapproved on other grounds by *State v. Burns*, 306 Ga. 117, 124 n. 3 (829 SE2d 367) (2019). Accord *Harris*, 340 Ga. App. at 868-869 (1) (b) (evidence of molestation that occurred 44 years earlier relevant and admissible under Rule 414 to show pattern of molestation despite remoteness in time); *Bryson v. State*, 210 Ga. App. 642, 643 (2) (437 SE2d 352) (1993) (31-year lapse between prior sexual offense and the sexual offense on trial went to weight and credibility and not its admissibility).

In light of the "strong presumption in favor of admissibility," we cannot say that the trial court abused its discretion in allowing the prior acts to be admitted. *Wilkerson v. State*, __ Ga. App. __ *3 (1) (Case No. A20A1489, decided September 30, 2020).

2. Maner argues that the trial court erred in its jury instruction on the "other acts" evidence introduced at trial. We find no error.

Here, Maner's trial counsel did not object to the jury instruction at issue. This failure to object precludes "appellate review of such portion of the jury charge, unless

such portion of the jury charge constitutes plain error which affects the substantial rights of the parties." OCGA § 17-8-58 (b). See *Alvelo v. State*, 290 Ga. 609, 614 (5) (724 SE2d 377) (2012). To make this determination, this Court must consider "whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings." (Citations and punctuation omitted.) Id. at 615 (5).

In *Dixon*, supra, 350 Ga. App. at 215 (2), the trial court instructed the jury to consider other acts evidence to show intent and identity, but later told them they could consider the evidence for "any matter to which it was relevant." Dixon argued that this contradiction was confusing and constituted reversible error. While this Court recognized that the jury instruction in *Dixon* was "not ideal," it still found the instruction to be an accurate and correct statement of the law. Id. at 217 (2).

Here, Maner alleges that because the jury was charged that the State must show "intent and may show a lustful disposition" and was later instructed that they may use the other acts evidence for "any matter" they deem "relevant," the jury was possibly confused. However, as in *Dixon*, both assertions are an accurate statement of law. OCGA § 24-4-414 provides that other acts evidence "may be considered for its bearing on any matter to which it is relevant," and it may be used to establish a

8

defendant's "identity" and "lustful disposition." In *Dixon*, the jury was "authorized to consider the evidence for any relevant purpose, including intent, identity, and propensity." *Dixon*, 350 at 217 (2). Here, the trial court authorized the jury to consider the evidence for any relevant purpose and intent, including lustful disposition. This instruction did not constitute plain error and presents no basis for reversal.

Maner also raises issue with the use of the word "sexual battery" in the trial court's instruction on other acts evidence. "[I]n determining whether there was plain error, jury charges must be read and considered as a whole." (Citation and punctuation omitted.) *McCullough v. State*, 330 Ga. App. 716, 724 (2) (769 SE2d 138) (2015). Here, before the trial court gave the contested jury instruction, the court instructed the jury as follows:

> In order to prove their case, the State will offer evidence of other offenses of *child molestation* allegedly committed by the accused. The Defendant is on trial for the offenses charged in this Bill of indictment only and not for any other acts, even though such acts may incidentally be criminal.

(Emphasis supplied). This portion of the instruction informed the jury that they would hear other acts of child molestation. The trial court further provided the jury with the

9

definition of child molestation. Thus, in reading the instruction as a whole and considering the testimony provided at trial, the jury was properly informed twice about the type of other acts evidence they heard.

3. Maner argues that his trial counsel rendered ineffective assistance of counsel due to counsel's failure to object to the jury instructions regarding other acts evidence.

> To prevail on this claim, [Maner] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. To prove deficient performance, an appellant must show that his attorney performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. In reviewing counsel's performance on appeal, we must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. If an appellant fails to satisfy either prong of this test, we need not examine the other prong.

(Citations and punctuation omitted.) *Dixon*, 350 Ga. App. at 217-218 (3). There is no deficient performance arising from the failure to make a meritless objection. *Hardin v. State*, 344 Ga. App. 378, 381 (1) (810 SE2d 602) (2018). And where there is no error in the jury instruction, and thus no basis to make an objection, the defendant

10

cannot show ineffective assistance of counsel. *Godfrey v. State*, 274 Ga. App. 237, 240 (1) (c) (617 SE2d 213) (2004). In light of our conclusion in Division 2 that there was no error in the jury instruction, counsel's performance was not deficient. Therefore, Maner cannot meet his burden to show ineffective assistance of counsel. *Dixon*, 350 Ga. App. at 218 (3).

4. Maner argues that the trial court erred in admitting evidence of his flight from his first jury trial as consciousness of guilt. We disagree.

Prior to trial, the State filed a motion in limine to introduce Maner's prior flight as consciousness of guilt. The motion sought to introduce evidence that Maner's trial on the charged offenses was originally scheduled on June 29, 2012. Maner appeared for trial, but then he fled the courthouse prior to the swearing-in of the jury and never returned. Maner was not found until several years later, when he was arrested pursuant to a bench warrant on June 10, 2017. After hearing arguments from parties prior to trial, the trial court granted the motion and allowed the evidence in for the purpose of showing the reason for the trial's delay as well as consciousness of guilt.

Maner argues that because two years lapsed between his arrest and his escape, the duration was too long to support the conclusion that his escape was due to consciousness of guilt. We find no merit in this argument. "The State is entitled to

11

offer evidence of flight while a defendant is awaiting trial and argue that it demonstrates consciousness of guilt." (Citations omitted.) *Turner v. State*, 237 Ga. App. 642, 644 (3) (516 SE2d 343) (1999). Accord *Robinson v. State*, 312 Ga. App. 736, 755 (8) (719 SE2d 601) (2011) (evidence that a defendant fled from the courtroom mid-trial was admissible to serve as circumstantial evidence of guilt). "The amount of time lapsed is a factor to be weighed by the jury, along with the other circumstances surrounding the flight, to determine if the flight was due to a sense of guilt or some other reason." (Citation and punctuation omitted.) *Turner*, 237 Ga. App. at 644 (3).[1] The trial court did not abuse its discretion in admitting this evidence.[2]

*Judgment affirmed. Reese, P. J., and Markle, J., concur.*

---

[1] Further, the evidence of Maner's flight was properly admitted to explain the delay in prosecution. See e. g., *Wise v. State*, 321 Ga. App. 39, 41-42 (2) (740 SE2d 850) (2013).

[2] Although Maner relies upon the Eleventh Circuit case in *United States v. Borders*, 693 F.2d 1318 (11th Cir.) (1982), such decisions "are not binding on this Court, [but are merely] persuasive authority." (Citation omitted.) *Perez v. State*, 283 Ga. 196, 198 (657 SE2d 846) (2008).